IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TEMPESTT TUGGLE<br><br>Plaintiff,<br><br>v.<br><br>ESSENTIAL INFORMATION, INC. d/b/a UNKOCH MY CAMPUS<br><br>and<br><br>JASMINE BANKS<br><br>Defendants. | Case No. 4:23-cv-00533-SEP |

**DEFENDANT JASMINE BANKS'
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Jasmine Banks, by and through her undersigned attorney, respectfully moves for dismissal of Counts III, IV, and V of Plaintiff's Complaint because problems with untimely service, subject-matter jurisdiction, and personal jurisdiction bar Plaintiff's claims in this court.

## PROCEDURAL BACKGROUND

Plaintiff filed her Complaint over two years ago on April 25, 2023. The Complaint includes two claims against Essential Information, Inc. under Title VII of the Civil Rights Act — Count I for "Sexual Harassment, Hostile Work Environment, and Retaliation," and Count II for "Racial Discrimination." Plaintiff also brought three common-law tort claims against Jasmine Banks — Count III for "Tortious Assault," Count IV for "Tortious Battery," and Count V for "Intentional Infliction of Emotional Distress (IIED)." In other words, the Complaint is comprised of two counts against only the corporate entity, and three counts against only Jasmine as an individual person. Each defendant has retained their own separate counsel.

As no proof of service was timely filed for over a year after the filing of the Complaint, this Court issued a Show Cause Order on May 6, 2024 (Doc. # 8). Plaintiff filed a Response on May 20, 2024 (Doc. # 10) which provided various attempted justifications for the Plaintiff's failure to serve the defendants. Another year then passed with no service attempts by the Plaintiff, and this Court entered a second Show Cause Order on June 20, 2025 (Doc. # 13) threatening to dismiss the suit if no service was proven by late July 2025. In response, Plaintiffs finally served Defendant Jasmine Banks on July 10, 2025 (Doc. # 18) and finally served Essential Information on July 11, 2025 (Doc. # 19). This service occurred over two years after the filing of the Complaint.

# ARGUMENT

Counts III, IV, and V of this Complaint may be dismissed under Federal Rules 12(b)(5), 12(b)(1), and 12(b)(2).

## I.  Dismissal Pursuant to Rule 12(b)(5) Is Warranted for Failure to Serve Within 90 Days as Required by Rule 4(m).

This Court may dismiss a complaint under Rule 12(b)(5) for "insufficient service of process," which includes failure to serve a defendant within 90 days as required by Rule 4(m). The Eighth Circuit held that "the court has discretion to either dismiss the action, or quash service but retain the case." *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976) (collecting cases). The Eighth Circuit has upheld dismissals where the plaintiff failed to timely serve the defendant(s). *See, e.g., Marshall v. Warwick*, 155 F.3d 1027, 1032-33 (8th Cir. 1998); *Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882, 886 (8th Cir. 1996) ("the district court properly ruled that plaintiffs had failed to serve any defendant within 120 days, the time limit imposed by Fed. R. Civ. P. 4(m)")[1].

This Court should dismiss the Complaint as to Banks because Plaintiff failed to serve Banks within 90 days, and did not do so until over two years had elapsed and this Court issued not one but two show-cause orders. Plaintiff admits that after

---

[1] Rule 4(m) was amended in 2015 to change the time from 120 days to 90 days.

3

attempting to serve Banks at an incorrect address in May 2023, Plaintiff made no further attempts to serve. *See* Response at ¶¶ 4-11 (Doc. # 10). Plaintiff apparently chose not to perform a "skip trace" or pursue any other industry-standard procedures for locating a defendant. Plaintiff argues that "Defendant Unkoch My Campus has had actual knowledge of the existence of the suit" (Response at ¶ 12) but Defendant Unkoch My Campus (more properly referred to as "Essential Information, Inc.") is not Jasmine Banks; the defendants in this case are distinct parties with their own independent counsel. Furthermore, Plaintiff apparently chose to ignore an offer from Essential Information's counsel to accept service by mail in May 2023, which might have resulted in Jasmine Banks learning that she had been named as an individual defendant in this lawsuit even though she was not being represented by that counsel. *See* Memorandum at page 5 (Doc. # 21).

The Eighth Circuit held that where, "for one year, plaintiffs ignored reliable sources" of information, and thus failed to serve the proper defendant in a timely manner, that dismissal was warranted, since "plaintiffs' insufficiency of service was willful, not inadvertent." *Adams*, 74 F.3d at 887 (affirming dismissal of complaint). Waiting over one year to take any steps to effect proper service justifies dismissal for failure to effect timely service as required by Rule 4(m). *Id*. The Eighth Circuit concluded that:

> At some point, a litigant must bear the consequences of conscious strategic or tactical decisions of this kind. Although this dismissal

4

>  without prejudice may prove to have severe consequences, the district court correctly applied the applicable rules of civil procedure, carefully considered plaintiffs' arguments on the service issues, and gave plaintiffs repeated opportunities to correct their service insufficiencies. We conclude that the court's ultimate decision to dismiss without prejudice was not an abuse of its substantial Rule 4(m) discretion.

*Id*. at 887-88. Here, Plaintiff waited over two years to make any attempt to perfect service after initially failing in May 2023, and did so only after this Court issued its second show-cause order. The unjustified two-year delay merits dismissal of Plaintiff's Complaint for failure to satisfy Rule 4(m)'s 90-day requirement.

## II.     Dismissal Pursuant to Rule 12(b)(1) Is Warranted for Failure to Establish Subject-Matter Jurisdiction.

The Complaint's only statement concerning the propriety of jurisdiction can be found at ¶ 4, which asserts: "Jurisdiction is proper in the Eastern District of Missouri, because Title VII is a federal law, and thus it involves a federal question." To the extent Title VII has any relevance to this case at all, it would apply only to Counts I and II against the corporate entity Essential Information, Inc. Counts III, IV, and V against Jasmine Banks are not based on federal law; they are state-common-law tort claims against an individual person. Individuals cannot be liable under Title VII. This Court dismisses such claims against individuals. *See, e.g.,*

5

*Carpenter v. Hotel*, No. 4:24-CV-42 RLW, 2024 WL 1932157, at *3 (E.D. Mo. May 2, 2024).

The Complaint appropriately does not even attempt to assert diversity jurisdiction. This is probably because Plaintiff is already aware that 28 U.S.C. § 1332(a) requires that the amount in controversy must exceed $75,000. The only statement of a dollar amount in the Complaint can be found at the bottom of page 12, which requests "actual damages in a sum in excess of Twenty-Five Thousand Dollars[.]" This request can be satisfied by awarding $25,001.00 which is, of course, well below the minimum threshold for diversity jurisdiction.

The Plaintiff may hope that the state common-law tort claims against Jasmine Banks will be heard by this Court under a discretionary exercise of "supplemental" jurisdiction pursuant to 28 U.S. Code § 1367. If the Court properly had federal-question jurisdiction over Counts I and II against Essential Information, the Court could choose to also hear Counts III, IV, and V against Banks if it decided that III, IV, and V "are so related" to I and II "that they form part of the same case or controversy under Article III of the United States Constitution." *Id*. For the reasons argued in Essential Information's Memorandum (Doc. # 21), Counts I and II fail and must be dismissed. This will leave Counts III, IV, and V hanging alone. "The district courts may decline to exercise supplemental jurisdiction over a claim [if] … the district court has dismissed all claims over which it has original jurisdiction." *Id*.

6

There is no reason for this federal court to retain jurisdiction over a case between two individual women that concerns only state common-law torts for significantly less than $75,000.

### III. Dismissal Pursuant to Rule 12(b)(2) is Warranted for Failure to Establish Personal Jurisdiction.

Plaintiff has sued Jasmine Banks in Missouri for events that allegedly occurred in Florida. This Court has neither general nor specific personal jurisdiction over Banks. The relevant legal standards are well-summarized by Judge Whipple in *Johnson v. Arden*, No. 08-CV-06103-DW, 2009 WL 10672018 at *2 (E.D. Mo. June 8, 2009)(internal citations omitted). He explains:

> When a defendant challenges a federal court's jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. […] A prima facie showing of personal jurisdiction is made by showing: (1) that the action arose out of an activity covered by the long-arm statute, and (2) that defendant had sufficient minimum contacts with forum state to satisfy the requirements of the Due Process Clause. […] Missouri's long-arm statute confers jurisdiction to the extent allowed by the Due Process Clause. Therefore, due process minimum contacts analysis is the critical factor in determining whether the Court should assert personal jurisdiction.
>
> Minimum contacts may be the basis for either "general" or "specific" jurisdiction. With respect to general jurisdiction, "a court may hear a lawsuit against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum. Specific jurisdiction over the defendant is exercised when a state asserts personal jurisdiction over a nonresident defendant in a suit that "arises

7

out of or relates to" the defendant's contacts with the forum. Both categories of minimum contacts require some act by which the defendant purposely avails himself or herself of the privilege of conducting activities within the forum state, and thus invokes the benefits and protections of its laws.

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' The exercise of personal jurisdiction violates the due process clause unless the actions of the "defendant himself ... create[d] a 'substantial connection' with the forum State. In *Aftanase v. Economy Baler Company*, 343, F. 2d 187 (8th Cir. 1965), the Eighth Circuit set forth five factors courts must consider when determining whether there are sufficient minimum contacts to confer jurisdiction. These factors include: (1) the nature and quality of the contacts with the forum state, (2) the quantity of the contacts, (3) the relationship of the cause of action to the contacts, (4) the interest of Missouri in providing a forum for its residents, and (5) the convenience or inconvenience to the parties. The first three factors are primary factors, and the remaining two are secondary factors. *Id.* The third factor distinguishes whether the jurisdiction is specific or general. The Court looks at all of the factors in the aggregate and examines the totality of the circumstances in making its determination.

Counts III and IV are for an assault/battery that allegedly occurred while Plaintiff and Defendant Banks were at a conference in Miami, Florida. Count V is for the emotional distress inflicted during that alleged assault/battery and the "unwanted sexual propositions" which Banks allegedly made at the conference hotel's pool immediately before the assault/battery. The only relationship between this case and the state of Missouri, as alleged in the Complaint, is that the plaintiff lived and worked in Missouri while employed by Essential Information, Inc. *See*

8

Complaint at ¶ 1 and ¶ 5. Plaintiff's residence in Missouri does nothing to establish personal jurisdiction over Defendant Banks for torts that allegedly occurred in Florida. Accordingly, the Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Jasmine Banks respectfully requests that this Court dismiss Plaintiff's claims against Banks (Counts III, IV, and V) with prejudice, and award a reimbursement of reasonable attorney fees and court costs incurred in filing this Motion to Dismiss.

Dated: August 14, 2025

Respectfully submitted,

**Jasmine Banks**
By Counsel:
/s/ *Hayden J. Howlett*
Hayden J. Howlett (*pro hac vice*)
SILVERPINE LAW PLLC
1629 K Street, NW
Suite 300
Washington, DC 20006
Tel: (202) 827-9770
hhowlett@silverpinelaw.com

## CERTIFICATE OF SERVICE

I certify that the foregoing was electronically filed and served via the Court's CM/ECF system on August 14, 2025 upon the following counsel of record:

>Joseph A. Ott
>OTT LAW FIRM
>3544 Oxford Boulevard
>Maplewood, MO 63143
>314-303-9360
>joe@ott.law
>*Counsel for Plaintiff Tempestt Tuggle*
>
>Rick E. Temple
>LAW OFFICES OF RICK E TEMPLE
>1358 E. Kingsley Street
>Suite D
>Springfield, MO 65804
>417-877-8989
>templeesq@sbcglobal.net
>*Counsel for Defendant Essential Information*

>*/s/ Hayden J. Howlett*
>Hayden J. Howlett