**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TEMPESTT TUGGLE,               ) | |
|                 ) | |
|       Plaintiff,      ) | |
|                 ) | |
| v.                 ) | No. 4:23-cv-00533-SEP |
|                 ) | |
| ESSENTIAL INFORMATION INC., et al,   ) | |
|                 ) | |
|       Defendants.    ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court are Defendants' motions to dismiss.  Docs. [20], [29].  Plaintiff has not filed a response to either motion, and the deadline for doing so has passed.  For the reasons set forth below, the motions are granted.

### FACTS AND BACKGROUND

In April 2023, Plaintiff Tempestt Tuggle filed this employment discrimination action against her employer, Defendant Essential Information Inc., and her supervisor, Defendant Jasmine Banks.  Doc. [1].  Plaintiff, a Missouri resident who worked from her home in St. Louis, alleges that Banks, "a resident of Arkansas who [also] worked remotely from home," sexually harassed her after learning in August 2020 that Plaintiff was bisexual.  Doc. [1] ¶¶ 1, 3, 10, 12.  Specifically, Plaintiff alleged that Banks would criticize Plaintiff's relationship with her partner and make sexual comments about Plaintiff's appearance during meetings.  *Id.*  ¶¶ 12-18.  Plaintiff further alleged that in October 2021, Plaintiff visited Banks in Arkansas, at which time Banks requested that Plaintiff have sex with her and her partner.  Plaintiff declined.  *Id.* ¶¶ 24-25.  Banks also made comments about Plaintiff's race, that Plaintiff is a "darker skinned black woman," and that she was "putting her neck on the line by going to bat for Plaintiff Tuggle at work."  *Id.* ¶ 30.  In March 2022, Plaintiff and Banks attended a work conference in Miami, where Plaintiff alleges that Banks continued to make sexual comments directed to Plaintiff and sexually battered her.  *Id.* ¶¶ 34-38.  Lastly, Plaintiff alleges that board members from Essential Information requested that she attend a Zoom teleconference in Banks's hotel room, where she was questioned about the incident with Banks present.  *Id.* ¶¶ 44-47.  Other than the incidents in Arkansas and Miami, Plaintiff did not make any specific allegations as to the methods by

which Banks communicated with her, or her specific location when those communications took place.

The Complaint alleges sexual harassment, hostile work environment, retaliation, and race discrimination claims under Title VII against Essential Information (Counts I & II) and common law assault, battery, and intentional infliction of emotional distress claims against Banks (Count III, IV, & V), arising from Banks's unwanted sexual propositions and sexual assault.  Doc. [1] ¶¶ 48-74.  Plaintiff requests actual damages "in excess of [$25,000]," unspecified punitive damages, and attorneys' fees.  *Id.* at 12-13.  Plaintiff states that the Court has jurisdiction "because Title VII is a federal law, and thus it involves a federal question," but does not make any additional jurisdictional claim.  *Id.* ¶ 4.

Defendants each move to dismiss.  Docs. [20], [29].  Essential Information argues that the case should be dismissed for failure to state a claim.  Doc. [21].  Banks argues that Plaintiff failed to properly establish subject matter jurisdiction and personal jurisdiction.[1]  Doc. [29-1].  Plaintiff did not respond to either motion.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party," *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591) (8th Cir. 2009)).  But if a claim fails to allege one of the elements necessary to recovery on a legal theory, the

---

[1] Defendants also request dismissal under Federal Rule of Civil Procedure 4(m), as Plaintiff failed to serve defendants within 90 days of filing.  Rule 4(m) states "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Plaintiff filed the Complaint on April 25, 2023.  Doc. [1].  On May 6, 2024, the Court ordered Plaintiff to show cause as to why the action should not be dismissed for failure to serve the defendants.  Doc. [8].  On May 20th, Plaintiff responded, indicating that there were difficulties in contacting the defendants, but that attempts at service had been made.  Doc. [10].  On June 20, 2025, the Court ordered that unless proof of service was filed no later than July 21st, the case would be dismissed without prejudice.  Doc. [13].  Plaintiff filed proof of service against both defendants prior to the Court's deadline.  Docs. [18], [19].  Because Plaintiff complied with the Court's June 20 Order, Defendants' request for dismissal under Rule 4(m) is denied.

Court must dismiss that claim for failure to state a claim upon which relief can be granted. *See Crest Contr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a claim for lack of subject matter jurisdiction.  "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments."  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).  In a factual challenge, the defendant challenges the factual truthfulness of the assertions, and the Court may consider matters outside the pleadings.  *Osborn*, 918 F.2d at 729.  "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction."  *Titus*, 4 F.3d at 593.

Federal Rule of Civil Procedure 12(b)(2) permits a party to move to dismiss a claim for lack of personal jurisdiction.  When a defendant challenges personal jurisdiction, the plaintiff must make a prima facie showing that jurisdiction exists.  *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citing *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011)).  That showing is made "by pleading sufficient facts 'to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the [forum].'"  *K-V Pharm.*, 648 F.3d at 591-92 (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)) (alteration in *K-V Pharm.*).  A plaintiff's prima facie showing is tested, "not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion."  *Id.*  (quotation marks omitted).  While the party seeking to establish jurisdiction carries the burden, the Court views the evidence in the light most favorable to the nonmoving party and resolves factual conflicts in its favor.  *Fastpath*, 760 F.3d at 820.

## DISCUSSION

Plaintiff has not stated a claim upon which relief can be granted against Essential Information and has not shown that the Court has personal jurisdiction over Banks. Accordingly, the claims against both Defendants are dismissed.

3

**I.      Plaintiff fails to state a claim under Title VII against Essential Information.**

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  42 U.S.C. § 2000e(b).  Title VII's numerical threshold is not a jurisdictional bar but is instead a required element of a plaintiff's Title VII claim.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515-16 (2006).

Essential Information moves to dismiss on the basis that Plaintiff failed to allege facts sufficient to show that Essential Information was an employer as defined under Title VII.  The Court agrees.  The Complaint does not contain sufficient factual allegations to show that Essential Information was an employer under Title VII.  And Essential Information's federal tax records (IRS Form 990) indicate that Essential Information had eight or fewer employees during the time periods relevant to Plaintiff's claims.[2]  Because the Complaint contains no facts indicating that Essential Information was an employer for the purposes of Title VII liability, Plaintiff's Title VII claims fail.

**II.     The Court does not have personal jurisdiction over Banks.**

As an initial matter, the Court is not persuaded that it lacks subject matter jurisdiction.  Because the Title VII claims against Essential Information fail, Banks argues, there is no legitimate basis for the Court to exercise supplemental jurisdiction over related state claims pursuant to 28 U.S.C. § 1367.  Doc. [29-1] at 5-7.  But even if that is so, it does not affect diversity jurisdiction under 28 U.S.C. § 1332(a).  Although the Complaint does not explicitly invoke diversity jurisdiction, its allegations and prayer for relief support it.

---

[2] On a motion to dismiss, the Court may consider not just the allegations in the complaint, but also "matters incorporated by reference or integral to the claim[s], items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits . . . whose authenticity is unquestioned."  *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting 5B Wright & Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).  Defendant's IRS Form 990s are public records and may be considered by the Court without converting the motion into one for summary judgment.  *Id.*

Under Section 1332(a), district courts have original jurisdiction over civil actions when the matter in controversy exceeds $75,000 and the dispute is between citizens of different states. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The Complaint alleges, and Banks does not dispute, that Plaintiff "is, and was at all times relevant herein, a resident of [Missouri]," and that Banks "was a resident of Arkansas." Doc. [1] ¶¶ 1, 4. While determining an amount in controversy is generally a "straightforward task ... because the plaintiff is the master of the complaint," *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009), when a plaintiff does "not allege a specific amount in controversy in his complaint, the amount in controversy depends upon the value of the relief [the plaintiff] seeks," *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 397 (8th Cir. 2011). "Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Here, Plaintiff requests actual damages in excess of $25,000, unspecified punitive damages, and attorneys' fees. Doc. [1] at 12-13. While Plaintiff likely would not be entitled to attorneys' fees for her common law tort claims, *see Essex Contracting, Inc. v. Jefferson Cnty.*, 277 S.W.3d 647, 657 (Mo. 2009), it does not appear to a legal certainty that her claim is for less than the jurisdictional amount. *See Scottsdale Ins. Co.*, 620 F.3d at 931. Accordingly, the Court turns to Banks's argument that the Court lacks personal jurisdiction.

"Personal jurisdiction can be specific or general." *Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co.*, 646 F.3d 589, 593 (8th Cir. 2011). General jurisdiction "refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose," while "[s]pecific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state ..." *Id.* (quoting *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1091 (8th Cir. 2008). Plaintiff has alleged no facts suggesting that general jurisdiction can be exercised over Banks, an "Arkansas resident." The Court thus considers whether specific personal jurisdiction exists. A federal court may exercise specific personal jurisdiction over a nonresident defendant in a diversity case if: (1) the facts presented satisfy the requirements of the state's long-arm statute; and (2) the exercise of personal jurisdiction

does not violate due process.  *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996).   The Missouri long-arm statute, Mo. Rev. Stat. § 506.500, provides for the exercise of personal jurisdiction over a defendant that transacts business, makes a contract, or commits a tort within the state.  Mo. Rev. Stat. § 506.500.1.  "These individual categories are construed broadly, such that if a defendant commits one of the acts specified in the long-arm statute, the statute will be interpreted 'to provide for jurisdiction, within the specific categories enumerated in the statute[], to the full extent permitted by the due process clause.'"  *Viasystems, Inc.*, 646 F.3d at 593.

While Plaintiff states that she worked remotely from her home in Missouri, the Complaint lacks any other clear allegation establishing the method by which any alleged conversations took place, the frequency of the conversations, or that the conversations took place while Plaintiff was physically in Missouri.  To the extent Plaintiff did make specific allegations concerning the locations and methods of tortious activity, Plaintiff alleged that those acts occurred in Arkansas and Miami.  Even if the Court inferred from the Complaint that Banks communicated with Plaintiff through telephone and video calls—although the Complaint does not specifically allege as much—the existence of such calls alone would likely still be insufficient to establish personal jurisdiction.  *See Fastpath, Inc.*, 760 F.3d at 823-24; *Viasystems*, 646 F.3d at 594 (no personal jurisdiction where non-resident defendant's contacts consisted of scattered emails, phone calls, and a wire-transfer to forum state); *Digi-Tel Holdings, Inc.*, 89 F.3d at 523 (no personal jurisdiction where non-resident defendant's contacts with forum state consisted of numerous faxes and letters, several phone calls in connection with the contract in dispute, and choice-of-law provision).  Plaintiff did not respond to Banks's motion to dismiss, and accordingly did not provide any additional evidence, in the form of affidavits or other exhibits, for the Court to consider.  *See K-V Pharm.*, 648 F.3d at 591-92.  Thus, Plaintiff failed to meet her burden to show that the Court can exercise personal jurisdiction over Banks.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, Docs. [20] and [29], are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice.

A separate order of dismissal will be entered herewith.

Dated this 23rd day of March, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE